**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0147n.06

No. 13-5466

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 21, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| ROBERT CALDWELL, | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: MERRITT, SUTTON, and GRIFFIN, Circuit Judges.

PER CURIAM.

Robert Caldwell, who entered a conditional guilty plea to possessing with the intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and received a 188-month sentence, appeals the district court's order denying his motion to suppress.

After carefully reviewing the record, the parties' briefs, and the applicable law, we find no error in the district court's judgment. The reasoning that supports the judgment was clearly and persuasively articulated by the district court, and our issuance of a detailed written opinion would be unduly duplicative and serve no jurisprudential purpose. We therefore affirm the district court's denial of Caldwell's motion for the reasons stated in that court's opinion.

Caldwell also contends that his initial counsel, Javier Bailey, rendered ineffective assistance of counsel. But we "will not review a claim of ineffective assistance on direct appeal

except in rare cases where the error is apparent from the existing record." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). Where the record is silent as to counsel's reasons for his action or inaction, this court "cannot determine whether his actions reflected a reasoned trial strategy" and cannot adjudicate the question of whether he rendered ineffective assistance. *Id.* Contrary to Caldwell's position, we conclude that the record does not conclusively establish that Bailey gave Caldwell ineffective assistance. His claim is therefore "more properly raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255, where the record regarding counsel's performance can be developed in more detail." *Id.*

The judgment of the district court is affirmed.